BRAKKE et ux, Guardians of the Estate of Dennis Brakke, Appellants v. OLSON, Adm. of the Estate of Robert Lee Olson, Respondent

(229 N.W.2d 220)

(File No. 11438. Opinion filed May 23, 1975)

William J. Srstka, Jr., Duncan, Olinger & Srstka, Pierre, for plaintiffs and appellants.

Donald J. Porter, May, Porter, Adam, Gerdes & Thompson, Pierre, for defendant and respondent.

WINANS, Justice.

The facts in this case are simple and straightforward. In February 1973 the defendant, Robert Olson, negligently drove his automobile off interstate highway 90 and in the resulting accident Olson was killed and his passenger, Brakke, was severely injured. It is admitted, for the purpose of this appeal, that Brakke was a guest in Olson's vehicle and that while Olson was guilty of negligence he was not guilty of willful and wanton conduct necessary to remove this case from the strictures of South Dakota's Guest Statute.*

This leaves but one question to be decided by this Court on appeal—whether or not the South Dakota Guest Statute comports with constitutional requirements. This issue was recently considered by us in the case of Behrns v. Burke, 1975, 89 S.D. 96, 229 N.W.2d 86, and it was there held that SDCL 32-34-1 is a constitutional exercise of legislative power. Accordingly the order dismissing this action on the grounds that plaintiff was barred from recovery by the Guest Statute is affirmed.

WOLLMAN, DOYLE and COLER, JJ., concur.

DUNN, C. J., dissents.

DUNN, Chief Justice (dissenting).

I would dissent for all of the reasons stated in Behrns v. Burke, 89 S.D. 96, 229 N.W.2d 86 (handed down April 25, 1975).

* SDCL 32-34-1, Guest Statute, reads as follows:
    "No person transported by the owner or operator of a motor vehicle as his guest without compensation for such transportation shall have cause of action for damages against such owner or operator for injury, death, or loss, in case of accident, unless such accident shall have been caused by the willful and wanton misconduct of the owner or operator of such motor vehicle, and unless such willful and wanton misconduct contributed to the injury, death, or loss for which the action is brought."